# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PRO NURSING & HEALTH SERVICES, INC.,**
**Employer Below, Petitioner**

**FILED**
February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 16-0180** (BOR Appeal No. 2050801)
(Claim No. 2006044884)

**ARICIA L. BLAKE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pro Nursing & Health Services, Inc., by Matthew L. Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aricia L. Blake, by Edwin H. Pancake, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2016, in which the Board affirmed an August 26, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 31, 2014, decision granting a 0% permanent partial disability award and instead granted an additional 42% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Blake, a nurse, sustained an injury to her bladder, vagina, and back when she lifted a patient on June 21, 2006. Following the injury, the claims administrator held the claim compensable for prolapsed vaginal walls, cystocele, and a urinary tract infection. Ms. Blake underwent her first surgery to repair the prolapsed vaginal walls on August 4, 2006. Ms. Blake's symptoms did not improve and she underwent a second surgery on July 2, 2007, where vaginal mesh was implanted in order to correct the prolapsed vaginal walls. Shortly thereafter, Ms. Blake began to experience urinary and bowel incontinence as well as dyspareunia.

1

Ms. Blake underwent an independent medical evaluation by Robert Walker, M.D., and Tara Sharma, M.D., on March 2, 2007. The doctors believed the only ratable condition was dyspareunia, for which they assigned 5% whole person impairment. They apportioned 2% to Ms. Blake's multiple surgeries prior to the compensable injury, which included a total hysterectomy, partial removal of the ovaries, and an appendectomy. The claims administrator granted a 3% permanent partial disability award based on the evaluation by Dr. Walker and Dr. Sharma.

Subsequent to the permanent partial disability award, the vaginal mesh used in Ms. Blake's July 2, 2007, surgery was recalled. Ms. Blake underwent a third surgery on February 11, 2011, to remove the vaginal mesh. Ms. Blake testified that the surgeon was unable to remove all of the mesh and her symptoms worsened. Ms. Blake requested her case for permanent partial disability be reopened and on April 4, 2013, the Office of Judges granted her petition.

Ms. Blake underwent four more independent medical evaluations to evaluate her degree of permanent impairment arising from the compensable injury. Ms. Blake saw Bruce Guberman, M.D., on June 2, 2011. Dr. Guberman found 20% impairment for bladder dysfunction, 25% impairment for anorectal dysfunction, and 8% for sexual dysfunction. He combined the impairments to reach 45% whole person impairment. Dr. Guberman believed these conditions were directly related to the compensable injury and recommended that Ms. Blake receive an additional 42% permanent partial disability in addition to the 3% award already granted.

Ms. Blake saw Marsha Bailey, M.D., for an independent medical evaluation on July 10, 2012. Dr. Bailey opined that the symptoms of incontinence were unrelated to the compensable injury due to Ms. Blake's significant history of abdominal surgeries and multiple pregnancies. Dr. Bailey agreed with Dr. Guberman's assessment of 45% whole person impairment but apportioned all of it to Ms. Blake's pre-existing conditions.

On October 8, 2012, Prasadarao Mukkamala, M.D., evaluated Ms. Blake. Dr. Mukkamala believed Ms. Blake's symptoms of incontinence were unrelated to the compensable injury. He recommended no additional impairment beyond the 3% award already granted. Finally, on January 13, 2014, ChuanFang Jin, M.D., evaluated Ms. Blake. Dr. Jin spent time researching the condition and determined that lifting weight was not an associated risk of pelvic organ prolapse. Dr. Jin opined that the compensable injury may have been a trigger, however, its effect, if any, was minimal compared to Ms. Blake's prior medical history. Dr. Jin opined that Ms. Blake had 20% impairment for urinary incontinence, 24% for bowel incontinence, and 8% for dyspareunia. She combined the impairments to total 44% and apportioned the entire amount to non-occupational factors. The claims administrator granted a 0% permanent partial disability award based on Dr. Jin's evaluation on February 6, 2014.

On August 26, 2015, the Office of Judges reversed the claims administrator's decision granting no permanent partial disability award and granted an additional 42% award. The Office of Judges determined that three of the evaluating doctors opined that Ms. Blake had 44% or 45% whole person impairment. However, only Dr. Guberman connected the symptoms suffered by Ms. Blake to the compensable injury. The Office of Judges found that his report was the most

reliable because the other doctors failed to consider that the symptoms arose as a result of surgeries meant to correct the compensable conditions. Ms. Blake testified that her symptoms started after the mesh was implanted. Her treating physicians also noted the symptoms started around that time. The surgeries were approved by the claims administrator and were necessary to treat the compensable injury. Any complications arising from the vaginal mesh were found to be directly related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 26, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. As was noted by the Office of Judges, Ms. Blake's symptoms arose from complications as a result of the surgeries she underwent to correct the compensable injury. Dr. Guberman acknowledges the correct origin of her complications and thus his report is the most reliable source. Further, Dr. Bailey and Dr. Jin both found Ms. Blake to have 44% or 45% whole person impairment before they incorrectly apportioned the entire amount to pre-existing conditions. The evidence of record supports granting Ms. Blake an additional 42% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3